CSD 1160 [05/15/03]
Name, Address, Telephone No. & I.D. No.

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

In Re

_____ Debtor.

BANKRUPTCY NO.

_____ Moving Party

RS NO.

_____ Respondent(s)

**MOTION FOR RELIEF FROM AUTOMATIC STAY**
☐ REAL PROPERTY    ☐ PERSONAL PROPERTY

Movant in the above-captioned matter moves this Court for an Order granting relief from the automatic stay on the grounds set forth below.

1. A Petition under Chapter ☐ 7 ☐ 11 ☐ 12 ☐ 13 was filed on _____.

2. Procedural Status:
   a. ☐ Name of Trustee Appointed *(if any)*:

   b. ☐ Name of Attorney of Record for Trustee *(if any)*:

   c. ☐ *(Optional)* Prior Filing Information:
   Debtor has previously filed a Bankruptcy Petition on:_____.
   If applicable, the prior case was dismissed on: _____.

   d. ☐ *(If Chapter 13 case)*: Chapter 13 Plan was confirmed on _____ or a confirmation hearing is set for _____.

Movant alleges the following in support of its Motion:

1. ☐ The following real property is the subject of this Motion:
   a. Street address of the property including county and state:


   b. Type of real property (e.g., single family residence, apartment building, commercial, industrial, condominium, unimproved):


   c. Legal description of property is attached as Exhibit A.

CSD 1160

    d.    If a chapter 11 or 13 case and if non-payment of any post-petition payment is a ground for relief, attach the accounting required by Local Bankruptcy Rule 4001-2(a)(4) as Exhibit B.

    e.    *Fair market value of property as set forth in the Debtor's schedules: $_____.

    f.    *Nature of Debtor's interest in the property:

2. ☐ The following personal property is the subject of this Motion *(describe property)*:

    a.    Fair market value of property as set forth in the Debtor's schedules: $_____.

    b.    Nature of Debtor's interest in the property:

3. *Fair market value of property according to Movant: $_____.

4. *Nature of Movant's interest in the property:

5. *Status of Movant's loan:
   a. Balance owing on date of Order for Relief:    $_____
   b. Amount of monthly payment:    $_____
   c. Date of last payment:    _____
   d. If real property,
      i. Date of default:    _____
      ii. Notice of Default recorded on:    _____
      iii. Notice of Sale published on:    _____
      iv. Foreclosure sale currently scheduled for:    _____
   e. If personal property,
      i. Pre-petition default:    $_____    No. of months:_____
      ii. Post-petition default:    $_____    No. of months:_____

6. *(If Chapter 13 Case, state the following:)*
   a. Date of post-petition default:    _____
   b. Amount of post-petition default:    $_____

7. Encumbrances:
   a. Voluntary encumbrances on the property listed in the Schedules or otherwise known to Movant:

| Lender Name | Principal Balance | (IF KNOWN) Pre-Petition Arrearages Total Amount - # of Months | Post-Petition Arrearages Total Amount - # of Months |
|---|---|---|---|
| 1st: | | | |
| 2nd: | | | |
| 3rd: | | | |
| 4th: | | | |
| Totals for all Liens: | $ | $ | $ |

    b.    Involuntary encumbrances of record (e.g., tax, mechanic's, judgment and other liens, lis pendens) as listed in schedules or otherwise known to Movant:
        ☐ See attached page, if necessary.

*Separately filed Declaration required by Local Bankruptcy Rule 4001-2(a)(5).
CSD 1160

8. Relief from the automatic stay should be granted because:

    a. ☐ Movant's interest in the property described above is not adequately protected.

    b. ☐ Debtor has no equity in the ☐ real property ☐ personal property described above and such property is not necessary to an effective reorganization.

    c. ☐ The property is "single asset real estate", as defined in 11 U.S.C. § 101(51B), and 90 days (or _____ days as ordered by this court) have passed since entry of the order for relief in this case, and

        i. the Debtor/Trustee has not filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; and

        ii. the Debtor/Trustee has

            (1) ☐ not commenced monthly payments to each creditor whose claim is secured by the property (other than a claim secured by a judgment lien or by an unmatured statutory lien), or

            (2) ☐ commenced payments, but such payments are less than an amount equal to interest at a current fair market rate on the value of each creditors' interest in the property.

    d. ☐ *Other cause exists as follows *(specify)*: ☐ See attached page.

When required, Movant has filed separate Declarations pursuant to Local Bankruptcy Rule 4001-2(a)(5) and (6).

Movant attaches the following:

1. ☐ Other relevant evidence:

2. ☐ *(Optional)* Memorandum of points and authorities upon which the moving party will rely.

WHEREFORE, Movant prays that this Court issue an Order granting the following:

☐ Relief as requested.

☐ Other:

Dated:

_____
[Attorney for] Movant

*Separately filed Declaration required by Local Bankruptcy Rule 4001-2(a)(5).
CSD 1160

Order No. 05-2486364

# EXHIBIT "ONE"

A Condominium Comprised Of:

Parcel No. 1:

Unit No. 62 (The "Unit") as shown and described in the Condominium Plan for Phase 4 ("Plan") for portions of Parcels 4 and 5 on Parcel Map No. 17924, in the City of San Diego, County of San Diego, State of California on October 24, 1997, which Plan was recorded on April 9, 1998 as File No. 1998-0123997 and re-recorded April 22, 1999 as File No. 1999-0270476, both in Official Records.

Excepting therefrom all oil rights, mineral rights, natural gas rights and rights to all other hydrocarbons by whatsoever name known, to all geothermal heat and to all products derived from any of the foregoing (collectively, "subsurface resources"), also excepting therefrom the perpetual right to drill, mine, explore and operate for and to produce, store and remove any of the subsurface resources on or from said real property, including the right to whipstock or directionally drill and mine from lands other than said real property, wells, tunnels and shafts into, through or across the subsurface of said real property, and to bottom such whipstocked or directionally drilled wells, tunnels and shafts within or beyond the exterior limits of said real property, and to redrill, retunnel, equip, maintain, repair, deepen and operate any such wells or mines, but without the right to drill, mine, explore, operate, produce, store or remove any of the subsurface resources through or in the surface or the upper five hundred fifty (550') of the subsurface of said real property.

Parcel No. 2:

An undivided one-thirty-second (1/32nd) fee simple interest as a tenant in common in and to the Common Area described in the Plan, which encumbers Parcels 4 and 5, as shown on Parcel Map No. 17924, in the City of San Diego, County of San Diego, State of California on October 24, 1997.

Parcel No. 3:

Nonexclusive easement for access, ingress, egress, use, enjoyment, drainage, encroachment, support, maintenance, repairs and for other purposes, all as may be shown in the Plan, and as are described in the Declaration.

Parcel No. 4 (as Applicable):

Exclusive easements appurtenant to Parcels No. 1 and No. 2 described above, for yard purposes, shown and assigned in the Plan and defined as an Exclusive Use Area in the Declaration.

Assessor's Parcel No: 304-061-64-24

2    (Rev. 11/17/04)